R. S. FISHER, INC., Respondent, v. KINGSWAY REALTY AND MORTGAGE CORPORATION, Appellant.— Judgment and order affirmed, with costs. No opinion. Rich, Hagarty and Scudder, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a dismissal of the complaint upon the ground that while it may be that only four items of terms of the proposed lease were given to the broker, the nature of the transaction was such that plaintiff and defendant must have intended that important provisions of the proposed lease were to be agreed upon before the broker would be entitled to its commission. The recovery was not had for a breach of contract based upon the refusal of defendant in bad faith to proceed with the negotiations. Kapper, J., concurs with Lazansky, P. J.

FLATBUSH INVESTING CORPORATION, Respondent, v. VIDA A. CURREN, Appellant, and HAROLD S. LEHTMAN and Others, Defendants.— Order denying motion to vacate and set aside judgment of foreclosure and sale and to permit defendant Curren to interpose an answer reversed upon the facts, with ten dollars costs and disbursements, and matter remitted to the Special Term for the purpose of taking oral testimony as to the terms of the agreement made by defendant Curren with plaintiff at the time of the payment of the $325, and for the further purpose of having the purchaser at the sale made a party, so that his rights, if any, may be fully determined and his interests protected. Lazansky, P. J., Rich, Hagarty and Scudder, JJ., concur; Kapper, J., not voting.

ULRICA GARGIULO, as Administratrix with the Will Annexed of RAFFAELE GARGIULO, Deceased, and as Substituted Trustee of Certain Trusts Created under Said Will, Appellant, v. SILVIO GARGIULO, Respondent.— Order granting stay modified by providing therein that it is granted upon condition that within ten days from service of a copy of the order entered herein, defendant file an undertaking, with corporate surety, to insure the payment of any rents that may accrue from the time of the granting of the stay until the determination of the proceeding in the Surrogate's Court; otherwise, motion denied. As so modified the order is affirmed, without costs. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

In the Matter of the Application of WILLIAM STEGLE, Respondent, for a Peremptory Writ of Mandamus Directed to CHARLES F. BALES, as Superintendent of Buildings in the Borough of Queens of the City of New York, Appellant, Commanding Him to Enforce the Provisions of the Building Zone Law or Resolutions of the Board of Estimate and Apportionment of the City of New York, Known as the Building Zone Resolution Adopted December 15, 1927, and All Acts Amendatory Thereof, Wherever Any of Said Provisions Are Violated by the Use of the Premises on the South Side of Hancock Street, 390 Feet East of Wyckoff Avenue, Known as and by Nos. 1638–1640 Hancock Street, Ridgewood, in the Borough of Queens, City and State of New York, and Lying between Wyckoff and Cypress Avenues.— Peremptory mandamus order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. We are of opinion that the peremptory mandamus order should not have been granted without the owner being a party to the proceeding. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.